**Marcel YOUAKIM et al., Plaintiffs,**

**v.**

**Jerome MILLER, Individually and as Director of the Department of Children and Family Services and the Department of Children and Family Services, of the State of Illinois, Defendants.**

**No. 73 C 635.**

United States District Court,
N. D. Illinois, E. D.

July 27, 1976.

Patrick A. Keenan, Detroit, Mich., Kenneth Kandaras, Robert E. Lehrer and James D. Weill, Legal Assistance Foundation, Chicago, Ill., for plaintiffs.

Wm. J. Scott, Atty. Gen., Richard L. Ryan, Asst. Atty. Gen., Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

KIRKLAND, District Judge.

This matter comes before the Court on remand from the United States Supreme Court for consideration of plaintiffs' claim that the statutory scheme of the Illinois foster care program, specifically Illinois Revised Statutes ch. 23 §§ 2212.05, 2212.17, and 5005, is in conflict with Title IV of the Social Security Act, 42 U.S.C. §§ 601 *et seq.*

This suit was commenced as a class action to enjoin the operation of the Illinois foster care payment scheme. Because the plaintiffs sought to enjoin the operation of a scheme established by state statute, a three-judge court was convened pursuant to 28 U.S.C. §§ 2281, 2284. Under the Illinois scheme foster parents who provide homes for *unrelated* children receive monthly foster care payments (AFDC–FC) of $105.00 per child from the Department of Children and Family Services, while foster parents who provide homes for *related* children do not receive such payments. Related foster parents, instead, are eligible for smaller AFDC payments from the Illinois Department of Public Aid.

The three-judge court granted summary judgment in favor of defendants, finding that the Illinois scheme "does not deny plaintiffs the equal protection of the laws." 374 F.Supp. 1204, 1210 (N.D.Ill.1974). The Supreme Court, in vacating the three-judge court judgment and remanding, noted that

"the circumstances justify . . . our dealing with the issue of conflict between state and federal statute at least to the extent of vacating the judgment below and remanding the case for consideration of the claim that the Illinois foster care program is in conflict with the Social Security Act." *Youakim v. Miller*, 425 U.S. 281, 234, 96 S.Ct. 1399, 1401, 47 L.Ed.2d 701 (1976).

## STATEMENT OF FACTS

Plaintiffs are Marcel and Linda Youakim, husband and wife, and Linda's four minor brothers and sisters. All four minors were

adjudged wards of the State in 1969. Two of the children have been living with their related foster parents, the Youakims since 1972; the other two children have been living in two separate unrelated foster care facilities since 1969. Because plaintiff Linda Youakim is related to her two foster children, the Youakims are ineligible for foster care payments (AFDC–FC) under the Illinois Child Care Act. Illinois Revised Statutes ch. 23 § 2212.17.[1] The Youakims did apply for and are receiving the smaller AFDC payments for both children. Illinois Revised Statutes ch. 23 §§ 4–1 *et seq.*[2]

Plaintiffs allege injury resulting in the financial inability to provide adequate care for their foster children and to bring the remaining two children into their foster home. Plaintiffs argue that the Illinois scheme violates the Supremacy Clause of the United States Constitution. The Youakims also contend that the Illinois scheme denies related foster families equal protection of the laws by discriminating against wards of the State and their relatives who are financially unable to provide foster homes for the wards without full foster care payments.

On remand from the Supreme Court, plaintiffs ask this Court to enjoin enforcement of the State statutes involved pursuant to Rule 65(a), Federal Rules of Civil Procedure, or in the alternative, to grant summary judgment against defendants pursuant to Rule 56, Federal Rules of Civil Procedure. Defendants ask that this Court deny plaintiffs' motion for a preliminary injunction and grant summary judgment in their favor.

## THE PARTIES' ARGUMENTS

Plaintiffs contend that Illinois attempts to add an additional eligibility requirement to the federal scheme regulating AFDC–FC foster care payments. In support of their position, plaintiffs note that in the Social Security Act (the "Act"), Section 601 evidences a clear national policy favoring placement of dependent children in their own homes or the homes of certain close relatives,[3] while Section 608 provides that federal funds are to be paid for the foster care of dependent children in the home of *any* individual. Section 608 defines the foster family home of any individual as:

> [A] foster family home for children which is licensed by the state in which it is situated or has been approved, by the agency of such state responsible for licensing homes of this type as meeting the standards established for such licensing
> .  .  . .

Plaintiffs allege that in contrast to the federal scheme, the Illinois scheme requiring that foster parents be unrelated pulls families apart by prohibiting receipt of AFDC–FC payments by related foster parents. Section 5 of the Department of Children and Family Services Act, Illinois Revised Statutes ch. 23, § 5005, empowers the Department and its Director to establish rules and regulations concerning foster care, while the other challenged sections provide in pertinent part:

> "Facility for child care" or "child care facility" means any person  .  .  . who or which receives or arranges for care or placement of one or more children *unrelated* to the operator of the facility. Illinois Revised Statutes ch. 23 §§ 2212.-05, 2212.17 (emphasis added).

The plaintiffs note further that while Illinois Revised Statutes ch. 23, § 4–1.2 provides for foster care payment, the *Illinois Department of Children and Family Serv-*

---

1. This section provides in pertinent part: "Foster family home" means a facility for child care in residences of families who receive no more than [eight] children *unrelated* to them  .  . for the purpose of providing family care and training for the children on a full-time basis (emphasis added).

2. Although foster parents caring for related children are eligible for Aid to Families with Dependent Children ("AFDC") payments under the statute, they must make a separate application to the Department of Public Aid for the average $63.00 per month per child.

3. Linda Youakim, as sister of the minor plaintiffs, is such a close relative under § 606(a)(1) of the Act.

*ices Placement Manual* states that "[t]he Department has no statutory authority to pay relatives for the care of children." *Manual* at 97.

Defendants argue, conversely, that the Illinois foster care program parallels the federal scheme since parents and close relatives are treated separately from foster parents. Defendants note that Sections 601–606 of the Act provide for aid to needy children living with their parents or certain close relatives (AFDC), while Section 608 provides aid to children removed by court order from the homes of parents or close relatives and placed in foster care facilities (AFDC–FC). They argue that Illinois, likewise, provides aid for children living with their parents or close relatives under the AFDC program, Illinois Revised Statutes ch. 23 §§ 4–1 to 4–11, and aid to children living with unrelated foster parents under the AFDC–FC program, Illinois Revised Statutes ch. 23 § 4–1.2. Defendants note that Section 603(a)(1)(B) of the Act, as construed by the court in *Ramos v. Montgomery*, 313 F.Supp. 1179 (S.D.Cal.1970), *aff'd*, 400 U.S. 1003, 91 S.Ct. 572, 27 L.Ed.2d 618 (1971), authorizes higher payments to recipients of AFDC–FC benefits than to AFDC recipients. Finally, defendants argue that the two categories, parents and relatives of needy children and foster parents, are mutually exclusive under a correct interpretation of the Department of Health, Education and Welfare ("HEW") regulations contained in 45 C.F.R. § 233.90 (1975).

## CONCLUSIONS

■ The Constitution and the laws of the United States are the supreme law of the land. *McCulloch v. Maryland*, 17 U.S. (4 Wheat.) 316, 4 L.Ed. 579 (1819). Because of the Supremacy Clause of the United States Constitution, Article VI, Clause 2, states may not enact laws or regulations which are contrary to federal law. If the challenged Illinois statutes are in conflict with Article IV of the Social Security Act, such statutes are invalid under the Supremacy Clause. *King v. Smith*, 392 U.S. 309, 88

S.Ct. 2128, 20 L.Ed.2d 1118 (1968); *Lewis v. Martin*, 397 U.S. 552, 90 S.Ct. 1282, 25 L.Ed.2d 561 (1970); *Townsend v. Swank*, 404 U.S. 282, 92 S.Ct. 502, 30 L.Ed.2d 448 (1971); *Carleson v. Remillard*, 406 U.S. 598, 92 S.Ct. 1932, 32 L.Ed.2d 352 (1972); *Van Lare v. Hurley*, 421 U.S. 338, 95 S.Ct. 1741, 44 L.Ed.2d 208 (1975); and *Philbrook v. Glodgett*, 421 U.S. 707, 95 S.Ct. 1893, 44 L.Ed.2d 525 (1975).

As the basic question is one of statutory construction, this Court looks to three sources to determine whether the Illinois scheme violates the provisions of Title IV of the Act: (1) the plain words and meaning of the Act; (2) the interpretation and advice of the administering agency, HEW; and (3) the legislative history and the overall purpose of the Act.

## 1. PLAIN MEANING OF THE SOCIAL SECURITY ACT

■ Plaintiffs argue that the plain meaning of the Act is that all wards of the state placed in approved foster homes are eligible for full AFDC–FC payments under Section 608. In contrast, defendants contend that the plain meaning of the Act indicates that Congress intended to provide assistance to needy children living with close relatives through the AFDC program under Section 606 of the Act rather than through the Section 608 foster care program. This Court agrees with plaintiffs' contention.

The four minor plaintiffs were removed from their own home and declared wards of the State in 1969. While all four lived in unrelated foster care facilities, those facilities received the full $105.00 per child per month AFDC–FC allotment. In order to effectuate the policy that wards of the State be placed in the best home possible, two of the four children were moved to a related home in 1972 and AFDC–FC payments on behalf of those children were terminated.

Plaintiffs Youakims' home has been approved as a foster care home by the State

as required by Section 608 of the Act.[4] The Youakims were required to sign the same Illinois Foster Home Placement Agreement[5] and incurred identical obligations as all other foster parents in Illinois.

This Court finds, therefore, that under the plain words and meaning of Section 608 of the Act, the four minor plaintiffs meet all the requirements for eligibility and the Youakims are an approved foster home.

## 2. ADVICE OF THE ADMINISTERING AGENCY

The Supreme Court, in remanding this case, noted that "[t]he interpretation of a statute by an agency charged with its enforcement is a substantial factor to be considered in construing the statute" (citations omitted). The plaintiffs note that the Solicitor General of the United States, arguing on behalf of HEW in an amicus memorandum filed with the Supreme Court, submitted:

[T]hat the Illinois policy of denying foster care AFDC [AFDC–FC] benefits for children living with relatives is invalid because it conflicts with specific criteria for eligibility set forth in the Social Security Act  .  .  . .

Those conditions were satisfied here, and the [children are] therefore entitled to foster care benefits. (Amicus Memorandum at 2, 5)

Plaintiffs further submit that HEW has issued a "Program Instruction"[6] to *all* state welfare agencies which requires full AFDC–FC payments to children living in approved related foster homes.

■ Defendants urge this Court to reject these new HEW guidelines as inconsistent with the federal statute. However, this Court finds the guidelines to be consistent with the plain words and meaning of Section 608 of the Act.

This Court believes these guidelines are persuasive authority in support of plaintiffs' position.

## 3. LEGISLATIVE HISTORY OF THE SOCIAL SECURITY ACT

■ The legislative history of Title IV of the Act indicates that its overall purpose is to insure the best possible care for all dependent children. Originally Title IV only covered needy children living with parents or designated relatives, and Title V covered foster children. In 1961 aid to foster children was brought under Title IV when Congress created AFDC–FC assistance. In authorizing the new foster care program, Congress noted that states would have the option of dispersing federal funds to children who had been adjudicated wards of the state and who were in need of foster homes.[7]

Plaintiffs contend that the complete legislative history of the Act supports the position that Congress intended every eligible child placed in an approved foster home to receive AFDC–FC benefits. Defendants respond that the legislative history shows Congress intended a continuing distinction between foster care and related care despite the fact that both programs were brought under one title in 1961.

After studying the relevant legislative history this Court believes Congress did not intend to exclude related foster homes from AFDC–FC benefits authorized in Section 608 of the Act. Rather, Congress intended such benefits to be paid to eligible children in *all* approved foster homes.

---

**4.** Illinois *licenses* unrelated foster homes and *approves* homes of related individuals taking in wards of the State. Approved homes, however, must meet the same high standards as licensed homes and must submit to regular inspections and reports by employees of the Department of Children and Family Services.

**5.** In the Youakims' Agreement, however, the word *foster* and the sections providing for AFDC–FC payments were deleted.

**6.** Program Instruction APA–PI–75–9 was issued on October 25, 1974. The Supreme Court considered the issuance of this directive as one reason for vacating the lower court's judgment and remanding this case.

**7.** *See* Sen.Rep. No. 165, 87th Cong. 1st Sess., 1961 U.S.Code Cong. & Adm.News V.2 at pp. 1716, 1717.

■ This Court concludes therefore that Title IV of the Social Security Act authorizes AFDC–FC payments to all eligible children living in state-approved foster homes. The only requirements set forth in Section 608 of the Act are that such children be: (1) adjudicated wards of the state; (2) removed from their own homes; and (3) in need of assistance. Illinois, by refusing AFDC–FC payments to all related foster parents, attempts to add a further requirement of eligibility for such payments. The Illinois scheme, Illinois Revised Statutes ch. 23 §§ 2212.05, 2212.17 and 5005, insofar as it denies eligibility to foster parents providing homes for children related to them, violates Title IV of the Social Security Act, §§ 601, 608 and the Supremacy Clause of the United States Constitution, Article VI, Clause 2. The challenged statutes therefore must fall. *King v. Smith, supra; Townsend v. Swank, supra; Carleson v. Remillard, supra; Van Lare v. Hurley, supra;* and *Philbrook v. Glodgett, supra.*

Accordingly, plaintiffs' motion for summary judgment is granted. Since plaintiffs have prevailed on the statutory issue, it is unnecessary for this Court to reach the equal protection issue.